AVION SIMBLER,

      Plaintiff,

      v.                                      Case No. 26-cv-0490-bhl

CO AWINO,
JOHN DOE,
GODSON EZEMABLY, and
NURSE ALBERT,

      Defendants.

## SCREENING ORDER

Plaintiff Avion Simbler, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Simbler's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Simbler has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Simbler has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $22.47[1]. Simbler motion for leave to proceed without prepaying the filing fee will be granted.

---

[1] Simbler was ordered to pay an initial partial filing fee of $22.97. Dkt. No. 6. The Court received a payment of $22.47. Simbler appears to be on a pen restriction, as his filings are prepared in pencil and are therefore challenging to read. It is possible that the business office misread Simbler's disbursement request, assuming the 9 to be a 4. Because Simbler has substantially complied with the Court's order to pay the initial partial filing fee and because the remainder of the $350 filing fee will be collected over time, the Court will excuse, for now, the $0.50 shortfall.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Simbler asserts that he has been prescribed medication for insomnia and schizophrenia. According to Simbler, on December 12, 2025, he missed medication pass for an unstated reason. Simbler asserts that he repeatedly asked a John Doe officer when he would receive his medication, but he received no answer.  Simbler asserts that he was hearing voices, could not sleep, and had a pounding migraine and cold sweats.  He also suffered a panic attack.  Simbler states that the voices

2

told him to punch the wall, which he did intermittently until he saw someone from psychological services the next day.

Between 2 a.m. and 3 a.m. on December 13, 2025, Officer Awino informed Simbler that he could not have his medication because Nurse Albert had ordered that it was too late for the medication to be dispensed. Simbler asserts that they knew he could not sleep and was having "crazy thoughts, which Doe clearly had told Albert too late about." Simbler asserts that Nurse Albert did not evaluate his condition after learning Simbler had not taken his medication. Simbler also alleges that "[Security Sergeant Godson] Ezemably knew of and condoned of Awino missing medication pass on 12/12/25 and directed Awino to take some other action which [Simbler] has a right to know via discovery what was more important than his health that caused Awino's inaction."

### THE COURT'S ANALYSIS

Simbler asserts that Defendants were deliberately indifferent to his serious mental health condition when they refused to give him his medication after he missed medication pass. According to Simbler, he suffered significant consequences from missing a single dose of his medication, including hearing voices, migraines, and cold sweats. "[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

Based on the foregoing standard, Simbler states an Eighth Amendment medical care claim against the Doe officer who allegedly ignored Simbler's many requests about his medication and failed to promptly inform health services that Simbler had not taken his medication. Simbler also states a claim against Nurse Albert who allegedly refused to give Simbler his medication and who did not evaluate Simbler despite knowing he was experiencing symptoms as a result of missing his medication. After Nurse Albert has an opportunity to respond to the complaint and after the

3

Court enters a scheduling order setting a deadline for the completion of discovery, Simbler may use discovery to learn the name of the John Doe officer.

Simbler does not, however, state a claim against Ezemably because the factual allegations are too vague for the Court to reasonably infer that he was deliberately indifferent to Simbler's mental health condition. Simbler includes a single sentence about Ezemably's actions, alleging that he "knew of and condoned of Awino missing medication pass" and that he "directed Awino to take some other action." These vague and undeveloped allegations do not provide sufficient notice to Ezemably of what Simbler believes he did or did not do to violate his rights. *Twombly*, 550 U.S. at 556 (holding that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Nor does Simbler state a claim against Awino. It appears that Awino consulted with Nurse Albert about the missing medication and then relayed her decision that Simbler must wait until the next medication pass for his next dose. These allegations do not suggest that Awino was deliberately indifferent to Simbler's requests. Non-medical officials are entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). Awino did not ignore Simbler, and the mere fact that Simbler was having trouble sleeping does not suggest that Awino had sufficient notice that Simber was facing an excessive risk to his health or safety.

**IT IS THEREFORE ORDERED** that Simbler's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Simbler fails to state a claim against Godson Ezemably and CO Awino, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Simbler's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Nurse Albert.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Nurse Albert shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

4

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Simbler is located.

**IT IS FURTHER ORDERED** that the agency having custody of Simbler shall collect from his institution trust account the $327.53 balance of the filing fee by collecting monthly payments from Simbler's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Simbler is transferred to another institution, the transferring institution shall forward a copy of this Order along with Simbler's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Simbler is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Simbler may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 5th day of June, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6