UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AVION SIMBLER,

       Plaintiff,

      v.                             Case No. 26-cv-0490-bhl

JOHN DOE,
GODSON EZEMADY,
LEAKEY AWINO, and
ALBERT FATARI,

       Defendants.

---

## SCREENING ORDER

---

Plaintiff Avion Simbler, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On June 5, 2026, the Court screened the complaint and allowed Simbler to proceed on Eighth Amendment claims. On July 22, 2026, Simbler filed an amended complaint, which he is allowed to do once without the Court's permission. *See* Fed. R. Civ. P. 15. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Simbler asserts that he has been prescribed medication for insomnia and schizophrenia. He states that if he does not take his medications regularly, he may suffer detrimental consequences. According to Simbler, on December 12, 2025, medication pass was running late, as it often does in the restricted housing unit. Simbler asserts that he repeatedly asked the John Doe officer doing rounds when he would receive his medication because he knew it was very important that he take the medications, but he received no answer. He also states that Godson Ezemady, the sergeant on the shift, knew that Leakey Awino, the officer responsible for handing out medication, had not done his job, but he did nothing to address the situation. Simbler asserts that he informed Awino of how he would be impacted if he did not take his medications.

According to Simbler, he began hearing voices and having suicidal thoughts, panic attacks, cold sweats, migraines, and difficulty sleeping. Between 2 a.m. and 3 a.m. on December 13, 2025, Nurse Albert Fatari informed Awino that it was too late for Simbler to take his medication. Simbler asserts that Fatari did not evaluate his condition after learning Simbler had not taken his medication.

## THE COURT'S ANALYSIS

Simbler asserts that Defendants were deliberately indifferent to his serious mental health condition when they refused to give him his medication. According to Simbler, he suffered significant consequences from missing a single dose. "[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

Based on the foregoing standard, Simbler states an Eighth Amendment medical care claim against the Doe officer and Awino, who allegedly ignored Simbler's many requests about his medication despite Simbler informing them of the potential impact of missing a dose. Simbler also states a claim against Ezemady based on allegations that he turned a blind eye to Awino's failure to hand out medication to the inmates on Simbler's unit. *See Jones v. City of Chicago*, 856

2

F.2d 985, 992 (7th Cir.1988). Finally, Simbler states a claim against Nurse Fatari, who allegedly refused to give Simbler his medication and who did not evaluate Simbler despite knowing he was experiencing symptoms as a result of missing his medication.

After the named Defendants have an opportunity to respond to the complaint and after the Court enters a scheduling order, Simbler must use discovery to learn the name of the John Doe officer.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Simbler's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Godson Ezemady and Leakey Awino.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Godson Ezemady and Leakey Awino shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Albert Fatari pursuant to Federal Rule of Civil Procedure 4. Simbler is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Albert Fatari shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 27th day of July, 2026.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge

3